IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANA DAVIS § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:23-cv-00046-KC |
| § | |
| SUPREME LABOR SOURCE, LLC § | |
| d/b/a a/k/a CLARK CONTRACTING, § | JURY TRIAL DEMANDED |
| LLC d/b/a a/k/a SERVPRO OF § | |
| DOUGLAS COUNTY d/b/a/ a/k/a § | |
| SERVPRO INDUSTRIES INC., and § | |
| WYOMING NATIONAL LOGISTICS; § | |
| | |
| *Defendants.* | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, **ANA DAVIS**, and files this FIRST AMENDED Petition, complaining of Defendant, **SUPREME LABOR SOURCE, LLC d/b/a a/k/a CLARK CONTRACTING, LLC d/b/a a/k/a SERVPRO OF DOUGLAS COUNTY d/b/a/ a/k/a SERVPRO INDUSTRIES INC.** (herein referred to as "SUPREME" and/or "Defendant Supreme"), and **WYOMING NATIONAL LOGISTICS** (herein referred to as "WYOMING" and/or "Defendant Wyoming"), (hereafter collectively, "Defendants").

Plaintiff files her First Amended Petition pursuant to Western District of Texas Local Rule CV-15 which permits her to file her amended pleading, herein, as a matter of course no later than twenty-one (21) days after the filing of a Dismissal Motion filed under Federal Rule of Civil Procedure 12(b).

Accordingly, Plaintiff files her First Amended Petition as a matter of course without the necessity of filing a Motion for Leave to Amend, and does so, in conjunction with Plaintiff's Response (Doc 8) to Defendant Wyoming National Logistics' Motion to Dismiss for Failure to State a Claim (Doc. 7) and for cause of action shows:

A.  Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

B.  Parties

2. Plaintiff ANA DAVIS (hereafter, "Plaintiff") is a female African American resident of El Paso County, Texas. Pursuant to Texas Civil Practice and Remedy Code § 30.014; Plaintiff's last three digits of her social security number are 252; Plaintiff's last three digits of her Texas driver's license are 009.

3. Defendant **SUPREME LABOR SOURCE, LLC d/b/a a/k/a CLARK CONTRACTING, LLC d/b/a a/k/a SERVPRO OF DOUGLAS COUNTY d/b/a/ a/k/a SERVPRO INDUSTRIES INC.** (herein referred to as "SUPREME" and/or "Defendant Supreme") is a self-proclaimed staffing agency located at 110 Main Street Suite 200-A, Clarksville, Tennessee 37040. SUPREME may be served at is principal location as stated herein, or via any authorized officer or agent located at this address.

4. Defendant **WYOMING NATIONAL LOGISTICS** (herein referred to as "WYOMING" and/or "Defendant Wyoming") provides Shelter Care, Mobile Laundry, Base Camp Operations, Debris Removal and Equipment Rentals nationwide. Wyoming is located at P.O. Box 611, Sutherlin, Oregon, 97479, or via its legal counsel, Mr. Kevin Elkins, at

Epstein, Becker and Green P.C., at its Nashville location, 1222 Demonbreun Street, Suite 1400, Nashville, TN 37203. WYOMING has authorized its legal counsel, Mr. Kevin Elkins, to receive service on its behalf and he may be served at his aforesaid office location, or WYOMING may be served via is principal location as stated herein, or via any authorized officer or agent located at this address.

C.  Jurisdiction

5. Jurisdiction is invoked to seek a redress of discrimination on the basis of RACE (AFRICAN AMERICAN), GENDER (SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT) and RETALIATION imposed upon Plaintiff by Defendants during the course of her employment with Defendants at an immigration youth care center located at FT. BLISS in and around EL PASO, TEXAS.

6. Defendants discriminated against Ms. Davis on the basis of her race (African American), her sex (via sexual harassment and hostile work environment) and thereafter retaliated against PLAINTIFF when she opposed the same, therein negatively affecting the terms, conditions, and privileges of her employment in contradiction to the protections afforded by Title VII of the Civil Rights Act of 1964 ("Title VII") and/or 42 U.S.C. §1981 (herein "Section 1981) and/or the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 et seq. ("TCHRA") as applicable.

7. Plaintiff has been subjected to unlawful employment practices committed in the State of Texas, El Paso County.  Venue is proper because the cause of action arose in and around El Paso County (on Ft. Bliss) which is where Plaintiff was employed by Defendants.

8. Defendants are entities that provide staffing and/or operational services to an immigration shelter for unaccompanied migrant children in and around Ft. Bliss in the greater

El Paso, Texas area within El Paso County, Texas. Defendants are employers within the meaning of the Texas Commission on Human Rights Act of 1983, TEX. LAB. CODE ANN. § 21.002(8).

9. Defendants are respectively no doubt a (d)(1) employer within TEX. LAB. CODE ANN. § 21.2585 of the Act and may be categorized potentially as (d)(4) employers within said section.

10. This is a proceeding for compensatory and injunctive relief, as well as all other relief applicable to secure the rights of plaintiff under TEX. LAB. CODE ANN. § 21.001, *et seq*. This is also a proceeding for declaratory relief pursuant to TEX. CIV. PRAC. & REM. CODE § 37.000, *et seq*.

### D. Facts

11. Plaintiff, ANA DAVIS was employed by Defendants as a YOUTH CARE WORKER at the emergency immigration shelter for unaccompanied minor children created on Ft. Bliss in and around EL PASO, TEXAS.

12. PLAINTIFF is an African American female.

13. PLAINTIFF believes she was originally hired to work at the emergency immigration shelter for unaccompanied minor children by WYOMING NATIONAL LOGISTICS. At the onset of her employment her employer was identified to her and her colleagues as WYOMING NATIONAL LOGISTICS.

14. During the course of this employment, employees, including PLAINTIFF, were informed that they were now employed by SUPREME LABOR SOURCE.

15. Employees were generally kept in the dark about the shift in ownership and management, but were informed that they would now answer to SUPREME LABOR SOURCE.

16. The majority of administration and management stayed the same after this information was disseminated.

17. During the course of her employment, PLAINTIFF was subjected to racial discrimination by management, including but not limited to racial commentary regarding her race for example being told by her manager that she had an advantage being black, "because if she fell asleep no one would be able to see her in the dark." She was also asked by her Senior Lead why she work makeup, as in why she bothered, being she was Black. She was also sexually harassed by her Senior Lead and subjected to a hostile work environment in this regard.

18. Plaintiff opposed the aforesaid discrimination to management and thereafter, on or about October 19, 2021, was demoted to a Youth Care Worker. Ultimately Defendants terminated Plaintiff's employment on or about October 31, 2021. After being terminated, Plaintiff became aware that Defendants were calling back employees to return to their employment, but PLAINTIFF was excluded from this call back. When Plaintiff called to inquire about Defendants rehiring employees, she was told there were no positions open, while she was aware of Defendants rehiring her colleagues who were not African American, and who did not oppose the racial and sexual discrimination in the workplace.

19. PLAINTIFF remained unclear as to which entity ultimately was employing her at the end of her employment tenure with Defendants, and which entity, specifically refuse to hire her back in retaliation for her outcries of discrimination.

20. Plaintiff states herein and stated to the Equal Employment Opportunity Commission (herein the "EEOC") [the agency investigating Plaintiff's complaints of discrimination and retaliation] that the demotion/termination she was subjected to by Defendants was due to her race (African American), her gender (female subjected to sexual harassment and hostile work environment), and the fact she opposed the same and thereafter was retaliated against by Defendants by first being demoted, and thereafter being terminated with no option or opportunity to be rehired by Defendants.

21. Within the appropriate time of the acts of which Plaintiff complains, Plaintiff filed her charges of discrimination and retaliation, under penalty of perjury, with the EEOC. Pursuant to the "work sharing agreement" between the Texas Workforce Commission (herein, "TWC") and the EEOC, the charges were investigated thereafter by the EEOC.

22. Accordingly, Plaintiff timely files this suit.

23. As such, all conditions precedent to the filing of this action have been fulfilled. To the extent any time limits have not been complied with, same are futile, have been waived, or are tolled on account of agreement and/or fraud; Defendants are estopped from asserting the same.

E.  Claims for Relief

**COUNT ONE**
**(SEX DISCRIMINATION AGAINST DEFENDANTS)**
**(Gender/Female)**
**(Sexual Harassment and Hostile Work Environment)**

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

25. Plaintiff, a female, is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, and TEX. LAB. CODE ANN. § 21.001, *et seq.*

26. Defendant discriminated against Plaintiff on account of her sex [gender/female] in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, and/or in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") by subjecting Plaintiff to a discriminatory environment based on her SEX/gender, demoting PLAINTIFF due to her sex/gender, and refusing to rehire or promote Plaintiff back to her original employment station on account of her sex/gender during the course of her employment with Defendants, refusing to remedy and cease the discrimination occurring to Plaintiff which she reported and opposed during the course of her employment, and ultimately adversely affecting Plaintiff's employment by removing Plaintiff from her original position and maintaining Plaintiff in an inferior employment position on account of her sex/gender until her unlawful termination from employment by Defendants.

27. Plaintiff asserts that her sex [gender] was a motivating factor and consideration in Defendants' demotion and termination of her employment in discrimination and retaliation against her person during the course of her employment therefore violating Title VII of the Civil Rights Act of 1964 ("Title VII") and TEX. LAB. CODE ANN. § 21.001, *et seq*.

28. Moreover, when Plaintiff opposed the discrimination to Defendants management and requested cessation of the same, Defendants only proceeded to demote Plaintiff, thereafter, terminating Plaintiff and not allowing her to return to the workplace when

Defendants rehired many of her colleagues, therein further violating Title VII of the Civil Rights Act of 1964 ("Title VII") and Tex. Lab. Code Ann. § 21.001, *et seq*.

29. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

   (a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past, and future;

   (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future.

30. Defendants acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

31. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policies, practices, customs, and usages set forth herein, thus she requests declaratory and injunctive relief as a means of securing relief for such wrongs.

## COUNT TWO
### (RACE DISCRIMINATION OF PLAINTIFF BY DEFENDANTS)

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

33. Plaintiff, an AFRICAN AMERICAN female is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, Tex. Lab. Code Ann. § 21.001, *et seq.* and/or 42 U.S.C. §1981 (herein "Section 1981).

34. Defendants discriminated against Plaintiff on account of her race (African American) in violation of the aforesaid statutes by subjecting Plaintiff to discriminatory

treatment based on her race, demoting her due to her race during the course of her employment, and refusing to remedy and cease the discrimination occurring to Plaintiff during the course of her employment, ultimately retaliating against Plaintiff by terminating Plaintiff from her employment.

35. Plaintiff reported this discrimination during the course of her employment, and Defendants continued to discriminate against her without basis to do so, thereafter demoting and terminating Plaintiff from her employment position.

36. Plaintiff asserts that Defendants' demotion of Plaintiff's leadership employment position, termination of Plaintiff's employment and subsequent refusal to rehire Plaintiff into an employment position violates the aforesaid statutes.

37. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

(a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past, and future;

(b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future.

38. Defendants acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

39. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory and injunctive relief as a means of securing relief for such wrongs.

### COUNT THREE
### (RETALIATION OF PLAINTIFF BY DEFENDANTS)

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

41. Plaintiff, an AFRICAN AMERICAN female is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.* and/or 42 U.S.C. §1981 (herein "Section 1981).

42. Defendants discriminated against Plaintiff on account of her race (African American) and her sex (Sexual Harassment and Hostile Work environment) in violation of the aforesaid statutes by subjecting Plaintiff to discriminatory treatment based on her race and sex, demoting her due to her race and sex during the course of her employment, and refusing to remedy and cease the discrimination occurring to Plaintiff during the course of her employment, ultimately retaliating against Plaintiff by terminating Plaintiff from her employment due to her race and sex.

43. Plaintiff reported this discrimination during the course of her employment, and Defendants continued to discriminate against her without basis to do so, thereafter demoting and terminating Plaintiff from her employment position.

44. Plaintiff asserts that her demotion from her employment position, termination of her employment position and subsequent refusal by Defendants to rehire Plaintiff into an employment position violates the aforesaid statutes.

45. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

    (c) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past, and future;

    (d) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future.

46. Defendants acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

47. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory and injunctive relief as a means of securing relief for such wrongs.

## F. CONDITIONS PRECEDENT

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

49. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred. Tex. R. Civ. P. 54.

50. The above claims are made additionally and in the alternative.

51. Plaintiff reserves the right to amend or supplement this pleading.

## G. DEMAND FOR JURY

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

53. Plaintiff demands a jury trial at this time.

## H. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectively prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, the Court grant Plaintiff the following relief:

54. Find Defendants' practices complained of herein, *i.e.*, including but not limited to Defendants' unlawful treatment and termination of Plaintiff based upon Plaintiff's sex [gender/female] and race (African American), and her opposition to the same which resulted in Defendants' retaliation of Plaintiff to be in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.* and/or 42 U.S.C. §1981 (herein "Section 1981).

55. Grant Plaintiff a declaratory judgment, declaring Defendants' practices complained of herein to be in violation of the aforementioned statutes mentioned herein.

56. Order Defendants to rehire Plaintiff into her original employment position or a position substantially similar to the one from which she was demoted from, with full salary, training, seniority, benefits, pay increases, promotions, awards, bonuses, and the like, with full back pay (and interest thereon), and benefits she would have received had she never been discriminated against or demoted, and as if she had worked in a discrimination-free/reprisal-free environment.

57. In lieu of reinstatement, order Defendants to pay Plaintiff all the back pay and benefits due at the time of trial, and to pay Plaintiff front pay and benefits for a period of five years beginning on the date of trial.

58. Order Defendants to pay Plaintiff all actual damages accrued by Plaintiff, including but not limited to past and future lost wages, past and future lost benefits, lost benefits of contract, consequential damages, reinstatement of lost fringe benefits or seniority rights; as well as, mental anguish / compensatory damages; Exemplary / punitive damages; Pre-judgment and post-judgment interest as allowed by law; Court costs and expenses, and litigation expenses, including but not limited to the expenses for any expert witnesses; Equitable relief, including reinstatement, front pay; Attorneys' fees; and

59. Any such further relief as the Court deems proper and just under the circumstances.

60. Enter judgment awarding Plaintiff compensatory damages from Defendants as later determined on all causes of action.

61. Enter judgment awarding Plaintiff punitive or exemplary damages from Defendants for their willful, malicious and/or reckless conduct in an amount to be determined by the jury at trial, which will appropriately punish Defendants for their misconduct, and which will appropriately deter Defendants from engaging in such misconduct in the future.

62. Enter judgment awarding Plaintiff prejudgment and post judgment interest as allowed by law at the legal rate.

63. Enter judgment awarding Plaintiff her cost of court and accrued attorney's fees.

64. Grant such other and further relief at law or in equity, as the arbitrator deems necessary and proper.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas 79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

*/s/ Soraya Yanar Hanshew*
SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023 , I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendant currently appearing before this Court:

**Defense counsel for WYOMING:**

Epstein Becker & Green, P.C.
700 Louisiana Street, Suite 3950
Houston, Texas 77002
Phone: 713.300.3200
Fax: 713.300.3201
gravitsky@ebglaw.com
Jill K. Bigler (*pro hac vice* filed)
Chris T. Page McGinnis (*pro hac vice* filed)
Epstein Becker & Green, P.C.
250 West Street, Suite 300
Columbus, Ohio 43215
Phone: 614.872.2500
Fax: 614.633.1713
jbigler@ebglaw.com
ctpage@ebglaw.com

*/s/ Soraya Yanar Hanshew*
SORAYA YANAR HANSHEW, Esq.