**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| ANA DAVIS, : | |
| : | Civil Action No. 3:23-cv-00046-KC |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| SUPREME LABOR SOURCE, LLC, *et al.*, : | |
| : | |
| Defendants. : | |

## REPORT OF PARTIES' PLANNING MEETING

Parties:           Plaintiff Anna Davis ("Plaintiff")
                   Defendant Supreme Labor Source, LLC ("Supreme Labor")
                   Defendant Wyoming National Logistics ("WY National")

Date Complaint Filed:   State Court Petition – February 3, 2023 (Notice of Removal)
                        First Amended Complaint – February 24, 2023

Date Complaint Served:  N/A

Date of Defendants' Appearance:  WY National – February 3, 2023 (Notice of Removal)
                                 Supreme Labor – March 3, 2023

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on April 11, 2023. The participants were:

Soraya Yanar Hanshew, counsel for Plaintiff;
Jill K. Bigler and Chris T. Page McGinnis, counsel for Defendant WY National; and
Samuel L. Jackson, Bethany Vanhooser, and DeAndrea Washington, counsel for Defendant Supreme Labor.

I.    Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.      Jurisdiction

    A.    Subject Matter Jurisdiction

The parties agree the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 because this matter involves claims arising under the laws of the United States. Specifically, Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The parties further agree the Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §§ 1367(a) over Plaintiff's state law claims because Plaintiff's claim under the Texas Commission on Human Rights Act of 1983, Texas Labor Code § 21.001, et seq. ("TCHRA") forms part of the same case or controversy as Plaintiff's Title VII and Section 1981 claims.

    B.    Personal Jurisdiction

The parties do not contest personal jurisdiction.

III.     Brief Description of the Case

    A.    Claims of Plaintiff(s)

Plaintiff claims that Defendants employed her as a youth care worker at an emergency immigration center at Fort Bliss in El Paso, Texas, and alleges claims of sex discrimination, race discrimination, and retaliation under Title VII, Section 1981, and the TCHRA against both Defendants arising out of her employment.

    B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s)

Defendant WY National: Defendant WY National denies each of Plaintiff's claims. As set forth in its Motion to Dismiss the Amended Complaint, Defendant WY National cannot be liable for any of Plaintiff's claims because WY National never employed Plaintiff. In addition, even if WY National and Supreme Labor were found to be Plaintiff's joint employer, Plaintiff cannot establish a *prima facie* claim of race discrimination, sex discrimination, or retaliation under Title VII, Section 1981, or the TCHRA because Plaintiff's alleged demotion and termination were for legitimate, non-discriminatory or retaliatory reasons, and were not pretext for discrimination.

Defendant Supreme Labor: Defendant Supreme Labor denies all of Plaintiff's claims. As set forth in Supreme Labor's Motion to Dismiss, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted on all claims. Plaintiff cannot establish a *prima facie* claim for race discrimination, sex discrimination, or retaliation under Title VII, Section 1981 or the TCHRA. Plaintiff's alleged termination and demotion were for legitimate, non-discriminatory, and non-retaliatory reasons.

  C.  Defenses and Claims of Third Party Defendant(s)

  N/A.

IV.  <u>Statement of Undisputed Facts</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

  1.  Plaintiff is an African American female.

  2.  Plaintiff formerly worked as a youth care worker at an emergency immigration center at Fort Bliss in El Paso, Texas (the "Center").

  3.  WY National provided operational services to the Center.

  4.  Plaintiff filed charges of discrimination against WY National and Supreme Labor with the EEOC alleging that both Defendants discriminated and retaliated against her in connection with her work at the Center.

  5.  The EEOC dismissed Plaintiff's charges against WY National and Supreme Labor.

V.  <u>Case Management Plan</u>

  A.  Standing Order on Pretrial Deadlines

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as follows. The good cause for the requested modifications below is that Defendants' separate motions to dismiss Plaintiff's First Amended Complaint are currently pending.

  B.  Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

  C.  Early Settlement Conference

  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. Plaintiff engaged both entities in settlement negotiations prior to filing the present lawsuit, which was unsuccessful.

  D.  Joinder of Parties and Amendment of Pleadings

1.  Plaintiff should be allowed until 60 days after the Court's decision on both Defendants'

pending motions to dismiss (ECF Nos. 12 and 17) to file motions to join additional parties and 14 days after the Court's decision on both Defendants' pending motions to dismiss (ECF Nos. 12 and 17) to file motions to amend the pleadings.

2. Defendants should be allowed until 60 days after the Court's decision on both Defendants' pending motions to dismiss (ECF Nos. 12 and 17) to file motions to join additional parties and until 14 days after Plaintiff's filing of any additional amended complaints to file a response.

    E.    Discovery

1. The parties anticipate that discovery will be needed on the following subjects: Plaintiff's employment relationship with Defendants; Defendants' contractual relationship with one another and with the Center; Plaintiff's allegations of sex discrimination, race discrimination, and retaliation during her employment, including her alleged demotion, complaint of discrimination, termination, and Defendants' alleged refusal to rehire Plaintiff; Plaintiff's claims of mental/emotional anguish, including medical records; and Plaintiff's efforts to mitigate her alleged damages following her termination of employment.

2. All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by 60 days after the Court's decision on both Defendants' pending motions to dismiss (ECF Nos. 12 and 17) and completed (not propounded) by 6 months after the Court's decision on both Defendants' pending motions to dismiss (ECF Nos. 12 and 17).

3. Discovery will not be conducted in phases.

4. Discovery will be completed in the 6 months following the Court's decision on both Defendants' pending motions to dismiss (ECF Nos. 12 and 17).

5. The parties anticipate that Plaintiff will require a total of 4-7 depositions of fact witnesses (this serves as an estimation being discovery has not yielded a full scope of those involved in Plaintiff's employment, termination and refusal to rehire), and that Defendants will require a total of 2-5 depositions of fact witnesses. The parties reserve the right to take additional depositions as necessary and in accordance with applicable rules and Court orders. The depositions will be completed within the aforesaid period of discovery.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiff may need to call an expert witnesses at trial; the discovery process will yield further information in this regard. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) 2 months prior to the deadline for completing all discovery. Depositions of any such experts will be completed within the deadline for completing all discovery. Plaintiff anticipates calling rebuttal expert witnesses at trial.

8.  Defendants anticipate calling rebuttal expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by 1 month before the deadline for completing all discovery. Depositions of such experts will be completed by the deadline for completing all discovery.

9.  A damages analysis will be provided by Plaintiff to Defendants by the date required for the parties to exchange disclosures.

    F.   Dispositive Motions

Dispositive motions will be filed on or before 1 month following the deadline for completing all discovery.

VI.  Trial Readiness

The case will be ready for trial by 12 months after the Court's decision on both Defendants' pending motions to dismiss (ECF Nos. 12 and 17).

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

| | |
|---|---|
| */s/ Soraya Yanar Hanshew* | */s/ Chris T. Page McGinnis* |
| Soraya Yanar Hanshew | Jill K. Bigler (*pro hac vice*) |
| Texas Bar No. 24047151 | Ohio Bar. No. 0083789 |
| The Hanshew Law Firm, PLLC | Chris T. Page McGinnis (*pro hac vice*) |
| 632 Moondale Dr. | Ohio Bar No. 0099165 |
| El Paso, Texas 79912 | Epstein Becker & Green, P.C. |
| syhlaw@outlook.com | 250 West Street, Suite 300 |
| (915) 491-6181 Telephone | Columbus, Ohio 43215 |
| (915) 996-9907 Facsimile | Phone: 614.872.2500 |
| | Fax: 614.633.1713 |
| *Counsel for Plaintiff,* | jbigler@ebglaw.com |
| *Ana Davis* | ctpage@ebglaw.com |
| | |
| */s/ Bethany Vanhooser* | Greta Ravitsky |
| DeAndrea C. Washington | Texas Bar No. 24058063 |
| Texas Bar No. 24070814 | Epstein Becker & Green, P.C. |
| Federal I.D. 1057772 | 700 Louisiana Street, Suite 3950 |
| Spencer Fane LLP | Houston, Texas 77002 |
| 3040 Post Oak Blvd., Suite 1400 | Phone: 713.300.3200 |
| Houston, Texas 77056 | Fax: 713.300.3201 |
| (713) 552-1234 [Telephone] | gravitsky@ebglaw.com |
| (713) 963-0859 [Facsimile] | |
| dwashington@spencerfane.com | |

| | |
|---|---|
| Samuel L. Jackson (BPR No. 021548), (*admitted pro hac vice*) Bethany Vanhooser (BPR No. 038594), (*pending admission*) Spencer Fane LLP 511 Union Street, Suite 1000 Nashville, TN 37219 (615) 238-6300 Phone (615) 238-6301 Facsimile sjackson@spencerfane.com bvanhooser@spencerfane.com | *Counsel for Defendant, Wyoming National Logistics* |

*Counsel for Defendant,*
*Supreme Labor Source, LLC*