## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ANA DAVIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **EP-23-CV-00046-KC** |
| | § | |
| **SUPREME LABOR SOURCE, LLC** | § | |
| *d/b/a Clark Contracting, LLC, d/b/a Servpro* | § | |
| *of Douglas County, d/b/a Servpro Industries* | § | |
| *Inc.*, *and* **WYOMING NATIONAL** | § | |
| **LOGISTICS,** | § | |
| | § | |
| *Defendants.* | § | |

### REPORT AND RECOMMENDATION

Presently before the Court is Defendant Wyoming National Logistics's "Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 12) filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Honorable District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, the Court recommends that the motion be denied.

### I.   BACKGROUND[1]

Plaintiff Ana Davis is an African American female.[2] Defendant Supreme Labor Source, LLC is a staffing agency, and Defendant Wyoming National is an entity that provides shelter care, mobile laundry, base camp operations, debris removal, and equipment rentals.[3] Supreme Labor and Wyoming National (collectively, Defendants) are entities that provide staffing and/or

---

[1] The facts recounted in this section are derived from Davis's First Amended Complaint and are accepted as true on this procedural posture. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[2] First Am. Compl. at ¶ 12, ECF No. 9.

[3] *Id*. at ¶¶ 3–4.

operational services to an immigration shelter for unaccompanied migrant children located at Fort Bliss in and around El Paso, Texas.[4]  Davis was hired to work at the shelter.[5]  On or about October 19, 2021, Davis was demoted to a youth care worker position, and ultimately, Defendants terminated her employment on or about October 31, 2021.[6]

On November 15, 2022, Davis brought this lawsuit against Defendants in the 327th Judicial District Court, El Paso County, Texas, in Cause No. 2022-DCV-3436, alleging their violations of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.051, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.  She asserts claims for race and sex (gender) discrimination, hostile work environment sexual harassment, and retaliation.  On February 3, 2022, Wyoming National, with consent of Supreme Labor, removed this case to federal court.[7]

Upon removal, on February 10, 2023, Wyoming National filed a motion to dismiss (ECF No. 7) Davis's state court petition on the grounds that it was not her employer, but Supreme Labor was her employer.  While that motion to dismiss was pending, Davis filed her First Amended Complaint (ECF No. 9) as a matter of course on February 24, 2023.  *See* Fed. R. Civ. P. 15(a)(1)(B).  On February 27, 2023, Judge Cardone denied as moot Wyoming National's motion to dismiss in view of Davis's First Amended Complaint.[8]

---

[4] *Id.* at ¶¶ 5, 7.

[5] *Id.* at ¶ 13.

[6] *Id.* at ¶ 18.

[7] Notice of Removal at 1, ECF No. 1.

[8] Order at 2, ECF No. 10.

Thereafter, on March 10, 2023, Wyoming National filed the instant motion to dismiss, this time, seeking dismissal of Davis's First Amended Complaint, but on the same grounds as before.  Def. Wyoming Nat'l's Mot. to Dismiss Pl.'s First Am. Compl. at 1 [hereinafter,  Def. Wyoming Nat'l's Mot. to Dismiss], ECF No. 12.  On March 24, 2023, Davis filed a response to the motion, *see* Pl.'s Resp. & Opp'n to Def. Wyoming Nat'l's Mot. to Dismiss Pl.'s First Am. Compl. [hereinafter, Pl.'s Resp. to Wyoming Nat'l's Mot. to Dismiss], ECF No. 15, and on March 31, 2023, Wyoming National followed by filing a reply, *see* Def. Wyoming Nat'l's Reply in Supp. of Its Mot. to Dismiss Pl.'s First Am. Compl. [hereinafter, Def. Wyoming Nat'l's Reply], ECF No. 19.  On August 29, 2023, Judge Cardone referred the instant motion to the undersigned Magistrate Judge.  *See* Text Order (Aug. 29, 2023).

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, a court accepts well-pleaded facts as true and construes them in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  A complaint will survive a motion to dismiss if its facts, accepted as true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To meet the "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Doe* ex rel*. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (*en banc*) (citation and internal quotes omitted).  "In other words, we

look to see whether [the plaintiff's] pleadings, including her legal arguments, plausibly state a claim." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012).

"Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes and citations omitted).

## III.   DISCUSSION

Davis asserts claims of race discrimination and retaliation under the TCHRA, Title VII, and § 1981.  She also asserts claims of sex (gender) discrimination and hostile work environment sexual harassment under the TCHRA and Title VII.  Wyoming National asks the Court to dismiss Davis's claims because, it says, that the First Amended Complaint fails to allege sufficient facts to show that there existed an employment relationship between Wyoming National and Davis, and in turn because it fails to allege sufficient facts to show that Wyoming National was her employer.  Def. Wyoming's Mot. to Dismiss at 1, 6–7, 9.  Davis responds that the amended complaint makes clear that either one of or both Defendants employed Davis.  Pl.'s Resp. to Wyoming Nat'l's Mot. to Dismiss at 5.  Supreme Labor, who filed a separate motion to dismiss, did not join in Wyoming National's motion or otherwise challenge that it was not Davis's employer.

"The basic premise of a Title VII case is that the plaintiff had an employment relationship with the defendant." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("As

Title VII prohibits discrimination in the employment context, generally only employers may be liable under Title VII.").  So is the basic premise of the TCHRA, which is effectively identical to Title VII (except that Title VII does not protect against age and disability discrimination). *Pequeno v. Univ. of Texas at Brownsville*, 718 F. App'x 237, 241–42 (5th Cir. 2018).  Section 1981, on the other hand, "bars race discrimination in *contracting*," *Perry*, 990 F.3d at 931, and in the employment context, as here, it too requires the existence of an "employment relationship" between a plaintiff and a defendant, *Santiago v. YWCA of El Paso Found.*, No. EP-14-CV-247-KC, 2014 WL 3672975, at *3–*4 (W.D. Tex. July 24, 2014).[9]

In employment discrimination cases, the Fifth Circuit uses two "very similar" tests to determine if an employment relationship exists: (1) the "hybrid economic realities/common law control" test and (2) the "single-employer"[10] or *Trevino* test.  *Perry*, 990 F.3d at 926–29; *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763–64 (5th Cir. 1997).  The hybrid economic realities/common law control test focuses "on whether the alleged employer has the right to hire, fire, supervise, and set the work schedule of the employee" (the control component of the test) and "on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment" (the economic realities component of the test).  *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d

---

[9] *See also Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000) ("[A]t-will employees in Texas have an employment contract with their employers, simply one which may be terminated at will.").

[10] "The single-employer test is often referred to as the single-enterprise test, the integrated-enterprise test, and sometimes the joint-employer test."  *Patterson v. Yazoo City, Miss.*, 847 F. Supp. 2d 924, 933 n.20 (S.D. Miss. 2012) (citing illustrative cases), *aff'd*, 519 F. App'x 838 (5th Cir. 2013).

The hybrid test emerged "in the context of determining if a worker employed as an independent contractor should be considered the employee of an entity," *Schweitzer*, 104 F.3d at 764, whereas the single-employer or *Trevino* test emerged in the context of determining whether "[s]uperficially distinct entities . . . represent a single, integrated enterprise: a single employer" so as to be exposed to liability, *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

377, 380 (5th Cir. 2007) (internal quotes omitted).[11]  The single-employer test, on the other hand,

is a four-factor test: "(1) interrelation of operations; (2) centralized control of labor relations; (3)

common management; and (4) common ownership or financial control." *Schweitzer*, 104 F.3d at

764.[12]

The Fifth Circuit has said that under certain circumstances, courts should analyze both

tests:

> [T]he hybrid test should be used as an initial inquiry to resolve, if need be, whether
> a plaintiff is an employee of the defendant (or one of the defendants, in a multi
> defendant case) . . . .  If the plaintiff is found to be an employee of one of the
> defendants under the hybrid test, but questions remain whether a second (or
> additional) defendant is sufficiently connected to the employer-defendant so as to
> be considered a single employer, a *Trevino* analysis should be conducted.  The
> *Trevino* analysis will establish if the second or additional defendant is also an
> employer of the plaintiff.

*Schweitzer*, 104 F.3d at 764 (footnote omitted).  Moreover, these tests are "fact-specific

inquir[ies]" and therefore are "typically applied in a summary judgment context, in which a court

is permitted to go beyond the pleadings and examine . . . the evidence relevant to the

employment relationship."  *Muhammad*, 479 F.3d at 382; *see also Willis v. W. Power Sports,*

*Inc.*, No. 3:22-CV-1251-E-BN, 2023 WL 3872208, at *4 (N.D. Tex. May 17, 2023) ("If raised,

courts typically tackle th[e] issue [of employer-employee relationship] at summary judgment."),

*R &R adopted*, 2023 WL 3872208 (June 7, 2023).

Here, the Court initially observes that Wyoming National has attached as an exhibit to its

motion a memorandum prepared by an EEOC investigator during the administrative proceedings

---

[11] "The most important component of this test is the right to control the employee's conduct."
*Muhammad*, 479 F.3d at 380 (cleaned up).

[12] "The second factor, centralized control of labor relations, has been called the most important
one"; it reduces to "one question: What entity made the final decisions on employment matters regarding
the person claiming discrimination?"  *Perry*, 990 F.3d at 927 (internal quotes omitted).

before the agency.  Def. Wyoming Nat'l's Mot. to Dismiss Ex. B, ECF No. 12-2.  Pointing to

that exhibit, Wyoming National says that the EEOC determined that it was not Davis's employer.

Def. Wyoming Nat'l's Mot. to Dismiss at 9–10.  The Court however may not, and therefore

declines to, consider the document because it was not referenced in the First Amended

Complaint.[13]  *See Edmiston v. Borrego*, 75 F.4th 551, 557–58 (5th Cir. 2023) (As a general rule,

in ruling on a motion to dismiss, a "court may not go outside the complaint and any attachments

to it;" however, under a "limited exception" to the general rule, the court "may consider

documents attached to a dismissal motion that are referred to in the plaintiff's complaint and are

central to the plaintiff's claim.").[14]

    The First Amended Complaint alleges the following.  It remained unclear which entity

ultimately was employing Davis at the end of her employment with Defendants and which entity

---

[13] Moreover, the Court observes that the memorandum is not dispositive on the issue raised in the
instant motion, namely whether there existed an employment relationship between Wyoming National
and Davis.  *Cf. Carter v. Target Corp*., 541 F. App'x 413, 417 (5th Cir. 2013) ("While it is true that we
must accept all well-pleaded factual allegations as true for the purpose of a motion to dismiss, . . .
unwarranted deductions of fact are not admitted as true, especially when such [deductions] are
contradicted by facts disclosed by a document appended to the complaint." (internal quotes omitted)).  In
the memorandum, the EEOC investigator concluded that Davis and Wyoming National "did not have an
employee/employer relationship."  Def. Wyoming Nat'l's Mot. to Dismiss Ex. B at 1.  But the
investigator so concluded because Davis "ha[d] not provided any information whatsoever that shows that
[Wyoming National] was her employer."  *Id.*  Here, Davis wishes to conduct discovery precisely to
unearth evidence that goes towards the alleged employer-employee relationship, Pl.'s Resp. to Wyoming
Nat'l's Mot. to Dismiss at 5, and as discussed *infra*, based on her allegations, such discovery is warranted
before any dismissal.

[14] *See also e.g.*, *Reedy v. CITGO Petroleum Corp*., No. CIV.A. H-10-2971, 2011 WL 797498, at
*8 (S.D. Tex. Feb. 28, 2011) ("[T]he court is hesitant to consider the EEOC charge with the motions to
dismiss in this case, because although the charge is related to allegations in Plaintiff's complaint, the
document itself is not referenced in the complaint.  Interpreting "referenced in the plaintiff's complaint"
broadly enough to include the charge would potentially allow defendants to rely on a wide array of
documents related to a plaintiff's allegations—much as they would at the summary judgment stage—
before a plaintiff had any opportunity for discovery."); *cf. also Gamel v. Grant Prideco, L.P*., 625 F.
App'x 690, 692–93 (5th Cir. 2015) (concluding that the lower court effectively converted a Rule 12(b)(6)
motion to dismiss into a Rule 56 motion for summary judgment, but failed to provide a reasonable
opportunity to present all materials pursuant to Rule 12(d), when it considered, *inter alia*, an EEOC log
indicating that the right-to-sue letter was mailed on a certain date).

refused to hire her back.  First Am. Compl. at ¶ 19.  She was originally hired by Wyoming

National.  *Id*. at ¶ 13.  During the course of her employment, employees, including Davis, were

informed that they were now employed by Supreme Labor.  *Id.* at ¶  14.  The employees were

kept in the dark about the shift in ownership but were informed that they would now answer to

Supreme.  *Id.* at ¶ 15.  The majority of administration and management, however, stayed the

same after this information was disseminated.  *Id.* at ¶ 16.

 In her response to Wyoming National's motion, Davis asserts that any lack of clarity as to

employment relationship is attributable to Defendants' purposeful opaqueness regarding which

entity (or both) employed her.  Pl.'s Resp. to Wyoming Nat'l's Mot. to Dismiss at 5.  She posits

that discovery is required before any Defendant can establish that they did not employ her.  *Id.*

 It appears that much of the factual matters required to evaluate the hybrid economic

realities/common law control test and the single-employer test are in control and possession of

Defendants.  In a similar situation, the Fifth Circuit has explained:

> [W]hen discoverable information is in the control and possession of a defendant, it
> is not necessarily the plaintiff's responsibility to provide that information in her
> complaint. . . .  While a plaintiff must offer sufficient factual allegations to show
> that he or she is not merely engaged in a fishing expedition or strike suit, we must
> also take account of his or her limited access to crucial information.  This is because
> . . . plaintiffs cannot state a claim without pleading facts which tend systemically to
> be in the sole possession of defendants.

*Innova Hosp. San Antonio, Ltd.  v. Blue Cross & Blue Shield of Ga., Inc*., 892 F.3d 719, 730–31

(5th Cir. 2018) (cleaned up).  Under the circumstances present here, the Court finds that the First

Amended Complaint alleges sufficient facts regarding an employment relationship between

Davis and Wyoming National and therefore survives the motion to dismiss.  *See In re S. Scrap*

*Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (The plausibility "standard 'simply calls for

enough fact to raise a reasonable expectation that discovery will reveal evidence of' the

necessary claims or elements." (quoting *Twombly*, 550 U.S. at 556)).  Wyoming National's motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Wyoming National Logistics's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 12) should be **DENIED**.

**So ORDERED and SIGNED this  10th  day of October 2023.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**