IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANA DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-23-CV-46-KC |
| § | |
| SUPREME LABOR SOURCE, LLC § | |
| and WYOMING NATIONAL § | |
| LOGISTICS, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

On this day, the Court considered Defendant Wyoming National Logistics's ("Wyoming") Motion to Dismiss, ECF No. 12, and Defendant Supreme Labor Source's ("Supreme") Motion to Dismiss, ECF No. 17. Both Motions were referred to United States Magistrate Judge Anne Berton for recommended dispositions, pursuant to Western District of Texas Local Rules Appendix C Rule 1(d)(1). *See* Aug. 29, 2023, Text Orders. On October 10, 2023, the Magistrate Judge filed a Report and Recommendation ("Wyoming R&R") recommending that the Court deny Wyoming's Motion to Dismiss, ECF No. 28, and a Report and Recommendation ("Supreme R&R") recommending that the Court grant in part and deny in part Supreme's Motion to Dismiss, ECF No. 29. For the reasons below, the Wyoming R&R is **ADOPTED**, and Wyoming's Motion to Dismiss is **DENIED**. The Supreme R&R is **ADOPTED**, and Supreme's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**[1]

This case involves employment discrimination claims asserted by Plaintiff Ana Davis, an

---

[1] These facts are taken from Plaintiff's First Amended Complaint ("FAC"), ECF No. 9, and the Court treats them as true for purposes of adjudicating the Rule 12(b)(6) motions to dismiss. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

African American woman, against Supreme and Wyoming.  FAC ¶¶ 5, 12.  Supreme is a staffing agency, and Wyoming is an entity that provides shelter care, mobile laundry, base-camp operations, debris removal, and equipment rentals.  FAC ¶¶ 3–4.  Plaintiff alleges Defendants operated an immigration shelter for unaccompanied children in El Paso, Texas.  FAC ¶ 11.  Plaintiff was initially hired by Wyoming, but during her employment at the shelter there was a change in ownership after which the shelter's employees were told "they were now employed by Supreme."  FAC ¶¶ 13–15.  Following this change in ownership, most of the shelter's "administration and management stayed the same."  FAC ¶ 16.

Plaintiff worked in a leadership position at the shelter, but she was demoted to a "youth care worker" on October 19, 2021, and was ultimately terminated on October 31, 2021.  FAC ¶¶ 18, 36.  Plaintiff alleges she was demoted and terminated because she "reported" and "opposed" discrimination she experienced throughout her employment.  FAC ¶¶ 18, 35.  Specifically, Plaintiff alleges she was "subjected to racial discrimination by management," in that her manager told her "she had an advantage being black, 'because if she fell asleep no one would be able to see her in the dark.'"  FAC ¶ 17.  Plaintiff also alleges her Senior Lead once asked her "why she wore makeup [given that] she was Black," and that the Senior Lead sexually harassed her.  *Id.*  After she was terminated, Plaintiff alleges that Defendants began rehiring employees who were previously laid off.  FAC ¶ 18.  She asked for a position and "was told there were no positions open," even though she knew Defendants were "rehiring her colleagues who were not African American" and who had not opposed "the racial and sexual discrimination in the workplace."  *Id.*

On November 15, 2022, Plaintiff initiated this lawsuit against Defendants in the 327th Judicial District Court, El Paso County, Texas.  *See* Notice Removal Attach. 1, ECF No. 1-1.

Plaintiff asserts claims for sex discrimination, sexual harassment, and hostile work environment, FAC ¶¶ 24–31 (Count 1), racial discrimination, FAC ¶¶ 32–39 (Count 2), and retaliation, FAC ¶¶ 40–47 (Count 3).  On February 3, 2023, Wyoming removed this case to federal court.  Notice Removal, ECF No. 1.

On February 27, Plaintiff filed the FAC.  On March 10, Wyoming filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff had failed to state a claim upon which relief could be granted because Wyoming "was not her employer."  Wyoming Mot. Dismiss 6.  On March 27, Supreme filed its Rule 12(b)(6) Motion to Dismiss, arguing the FAC did not allege "sufficient facts to make the claims plausible."  Supreme Mot. Dismiss 1.  Plaintiff timely filed Responses to both Motions to Dismiss.  *See* Resp. Wyoming Mot. Dismiss, ECF No. 15; Resp. Supreme Mot. Dismiss, ECF No. 20.  Wyoming timely filed a Reply supporting its Motion to Dismiss.  *See* Wyoming Reply, ECF No. 19.  Supreme did not file a reply.  The Court then referred both Motions to Dismiss to the Magistrate Judge, who submitted the R&Rs to the Court on October 10.  On October 20, Wyoming filed Objections to the Wyoming R&R, ECF No. 30, which had recommended denying Wyoming's Motion to Dismiss.  Neither Supreme nor Plaintiff filed any objections, and the fourteen-day deadline to do so has elapsed.  *See* 28 U.S.C. § 636(b)(1)(C).

## II.  DISCUSSION

### A.  Standard

#### 1.  Report and Recommendation

When reviewing portions of a report and recommendation the parties did not object to, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  However, federal district courts

conduct de novo review of those portions of a report and recommendation to which a party has objected.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

### 2. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, "the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. Analysis

#### 1. **Supreme's Motion to Dismiss**

After closely reviewing the Supreme R&R, the Court agrees with the Magistrate Judge's

proposed conclusions of law and finds they are neither clearly erroneous nor contrary to law. *See Wilson*, 864 F.2d at 1221. Accordingly, the Court adopts the Supreme R&R in its entirety and orders that Supreme's Motion to Dismiss is granted in part and denied in part. Count One (claiming sex discrimination, sexual harassment, and a hostile work environment) is dismissed for failure to state a claim against either Defendant. Counts Two and Three remain pending.

### 2. Wyoming's Motion to Dismiss

Wyoming argues that it never employed Plaintiff and cannot, therefore, be liable to Plaintiff for employment discrimination. *See* Wyoming Mot. Dismiss 6–13. In its Motion to Dismiss, Wyoming argues the FAC insufficiently alleges that Wyoming was Plaintiff's employer. *Id.* at 6–9. Further, Wyoming attaches two documents from the Equal Employment Opportunity Commission's ("EEOC") investigation into Plaintiff's claim against Wyoming— (1) a Dismissal and Notice of Rights ("Notice"), ECF No. 12-1, and (2) a Memorandum explaining the EEOC's dismissal, ECF No. 12-2—to prove that Wyoming did not employ Plaintiff, *id.* at 9–13. In her Response, Plaintiff asserts the FAC's allegations satisfy the Rule 12(b)(6) pleading standard and argues the Court cannot consider the EEOC documents because they were "not referred to in any fashion by [P]laintiff in her pleadings." Resp. Wyoming Mot. Dismiss 10–11.

The Magistrate Judge recommends denying Wyoming's Motion to Dismiss because the FAC plausibly alleges that Wyoming was Plaintiff's employer. Wyoming R&R 8–9. In reaching this conclusion, the Magistrate Judge did not consider the EEOC documents submitted by Wyoming, specifically finding that the Memorandum could not be considered "because it was not referenced in the [FAC]." *Id.* at 7. The Magistrate Judge also noted that, even if the Memorandum were considered, it "is not dispositive" because the EEOC denied Plaintiff's

6

charges due to the absence of information establishing that Plaintiff was employed by Wyoming—information that Plaintiff could discover through this litigation. *Id.* at 7 n.13.

Wyoming raises three objections in response to the Magistrate Judge's recommendation: (1) the Magistrate Judge erroneously failed to address the Notice and explained only why the Memorandum would not be considered; (2) the Magistrate Judge erred by not taking judicial notice of the Memorandum as a public record; and (3) the Magistrate Judge erroneously found the Memorandum was not dispositive. Objs. 2. These objections all center on whether the Notice and Memorandum can be considered at this juncture and if so, on their persuasive value. Wyoming makes no specific objection to the Magistrate Judge's finding that the FAC, on its face, plausibly alleges that Wyoming was Plaintiff's employer. *See generally* Objs; *see* Wyoming R&R 7–9. After closely reviewing the Wyoming R&R, the Court concludes that this unobjected-to finding is neither clearly erroneous nor contrary to law and therefore adopts it. *See Wilson*, 864 F.2d at 1221.

Turning to Wyoming's objections regarding the EEOC documents, it is well settled that when considering a Rule 12(b)(6) motion, courts "may rely on evidence outside the complaint . . . if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). Federal Rule of Evidence 201 allows a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). District courts regularly apply this rule to take judicial notice of a wide variety of EEOC documents when the plaintiff does not dispute their authenticity. *See, e.g.*, *Thomas v.*

*Esper*, No. 18-CV-110, 2019 WL 3026951, at *3–4 & n.3 (E.D. Tex. May 22, 2019), *adopted*, 2019 WL 3017418 (E.D. Tex. July 10, 2019) (taking judicial notice of multiple EEOC documents, including a final EEOC decision); *Tynes v. Nationwide Mut. Ins. Co.*, No. 18-CV-242, 2018 WL 11471783, at *2 n.1 (W.D. Tex. May 9, 2018), *adopted*, 2019 WL 13254398 (W.D. Tex. Feb. 11, 2019) ("Courts may consider EEOC charges in ruling on a Rule 12 motion to dismiss." (citing *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013)); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested." (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

In accordance with such decisions and Rule 201(b), the Court takes judicial notice of the EEOC Notice and Memorandum attached to Wyoming's Motion to Dismiss.[2] However, in taking judicial notice of the EEOC documents, the Court does not defer to the EEOC's findings nor treat the documents as establishing "the truth of the matters alleged therein." *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013). The Court rather takes judicial notice of the documents only to the extent they illuminate "whether Plaintiff has sufficiently alleged" her claims against Wyoming. *See Jackson v. Wilkie*, No. 19-CV-721, 2020 WL 4912916, at *7 (E.D. Tex. July 21, 2020) (citations omitted).

Having reviewed the two EEOC documents, the Court agrees with the Magistrate Judge that they do not settle whether Wyoming was ever Plaintiff's employer. *See* Wyoming

---

[2] However, the Court agrees with the Magistrate Judge that Plaintiff's complaint did not incorporate by reference the EEOC documents by merely pleading that Plaintiff had exhausted her claims before the EEOC. *See* Wyoming R&R 6–7; *Perez v. Brennan*, No. 17-CV-43, 2017 WL 5534244, at *3 (S.D. Tex. Nov. 17, 2017) (finding the complaint's generic statement that the plaintiff had satisfied "the prerequisites to jurisdiction" did not incorporate by reference specific EEOC documents).

8

R&R 7 n.13.  The Notice only states that the EEOC closed its investigation because it found that Plaintiff was "not in an employment relationship with [Wyoming]."  Notice 1.  And the Memorandum reveals that the EEOC made this decision because the pay stubs and emails provided by Plaintiff showed "she was employed by [Supreme], which is a completely different company."  Mem. 1.  The Memorandum further states Wyoming told the EEOC that Wyoming did not own Supreme and that Supreme "is its own entity."  *Id.*  For those reasons, the EEOC determined Wyoming and Plaintiff did not have an employment relationship.  *Id.*

Plaintiff does not specifically allege that Wyoming owns Supreme.  *See generally* FAC; Resp. Wyoming Mot. Dismiss.  Rather, Plaintiff states that she was initially hired and employed by Wyoming, FAC ¶ 13, and that—at some point—she was told her new employer was Supreme, FAC ¶ 14.  Plaintiff alleges she and her coworkers "were generally kept in the dark about the shift in ownership and management" and were only told, upon the change in ownership, "that they would now answer to [Supreme]."  FAC ¶ 15.  In short, Plaintiff alleges she was employed at different times by both companies, and that employees were "kept in the dark" about the timing of the transition and the nature of the relationship between the two companies.  *Id.*  Assuming these allegations to be true, they are consistent with the Memorandum because Plaintiff's paystubs and emails might not show that she was employed by Wyoming, depending on the precise nature of the relationship between Wyoming and Supreme, as well as the dates on the paystubs and emails in relation to the transition of ownership.

As the Magistrate Judge concluded, given Plaintiff's allegations that (1) she was not privy to information about the precise relationship between Wyoming and Supreme and (2) she was employed by both Defendants at different points in time, Plaintiff has plausibly alleged that Wyoming was her employer.  *See* Wyoming R&R 8.  The Rule 12(b)(6) standard does not

require anything more—it does not require Plaintiff to divine facts that "tend systemically to be in the sole possession of defendants." *See id.* (quoting *Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730–31 (5th Cir. 2018)). The Court therefore concludes that the Notice and Memorandum do not negate the FAC's plausible allegations that Wyoming employed Plaintiff when at least some of her claims accrued. Consequently, Wyoming's Motion to Dismiss based on the lack of an employment relationship is denied.

### III. CONCLUSION

Accordingly, the Court **ADOPTS** the Wyoming R&R. Wyoming's Motion to Dismiss, ECF No. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the Supreme R&R is **ADOPTED**. Supreme's Motion to Dismiss, ECF No. 17, is **GRANTED** in part and **DENIED** in part. Supreme's Motion is **GRANTED** as to Count One of Plaintiff's FAC, which is **DISMISSED**. Supreme's Motion is otherwise **DENIED**.

**SO ORDERED**.

**SIGNED this 14th day of December, 2023.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE