IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANA DAVIS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>)<br>SUPREME LABOR SOURCE, LLC, )<br>d/b/a a/k/a CLARK CONTRACTING, )<br>LLC d/b/a a/k/a SERVPRO OF )<br>DOUGLAS COUNTY d/b/a a/k/a )<br>SERVEPRO INDUSTRIES INC., and )<br>WYOMING NATIONAL LOGISTICS; )<br>)<br>*Defendants*. ) | Civil Action No. 3:23-cv-00046-KC<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SUPREME LABOR'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Supreme Labor Source, LLC ("Supreme Labor" or "Defendant") answers the First Amended Complaint brought by Plaintiff Ana Davis ("Davis" or "Plaintiff") as follows:

**DISCOVERY CONTROL PLAN**

1. Paragraph 1 contains no factual allegations to which a response is required. To the extent Paragraph 1 requires a response, it is denied.

**PARTIES**

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent Paragraph 2 requires a response, Supreme Labor lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. Admitted, but Supreme Labor denies that it is liable for anything related to this action.

4. Supreme Labor lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 4 of the Amended Complaint, and the same is therefore denied.

## JURISDICTION

5. Supreme Labor denies the allegations in Paragraph 5.

6. Supreme Labor denies the allegations in Paragraph 6.

7. Supreme Labor denies the allegations in Paragraph 7.

8. Supreme Labor admits that it provides staffing for shelter care in Fort Bliss in El Paso County, Texas. The remaining allegations in Paragraph 8 are denied.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent Paragraph 9 requires a response, it is denied.

10. Paragraph 10 contains legal conclusions and contains no factual allegations to which a response is required. To the extent Paragraph 10 requires a response, it is denied.

## FACTS

11. Admitted that Plaintiff was a youth care worker at Fort Bliss in El Paso, Texas. The remaining allegations contained in Paragraph 11 are denied.

12. Admitted upon information and belief.

13. Supreme Labor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 as it does not know what Plaintiff believed or what was allegedly identified to her. The allegations in Paragraph 13 are therefore denied.

14. Supreme Labor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 as it does not know what Plaintiff was told, and the same is therefore denied.

15. The allegations contained in Paragraph 15 are denied.

16. Supreme Labor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 as it does not know what Plaintiff was told and when, and the same is therefore denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

19. Supreme Labor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 as it does not know what Plaintiff believed, and the same is therefore denied. Supreme Labor denies any allegations that it retaliated against Plaintiff.

20. Supreme Labor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 as it has no knowledge of what Plaintiff stated to the EEOC, and the same is therefore denied. Supreme Labor denies that there is any basis in law or fact for the allegations against Supreme Labor.

21. Supreme Labor admits that upon information and belief Plaintiff filed an EEOC charge. Supreme Labor lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations; therefore, the remaining allegations in Paragraph 21 are denied.

22. Paragraph 22 contains a legal conclusion to which no response is required. However, Supreme Labor denies that there is any basis in law or fact for the allegations against Supreme Labor.

23. Paragraph 23 contains a legal conclusion to which no response is required. However, Supreme Labor denies that there is any basis in law or fact for the allegations against Supreme Labor.

**CLAIMS FOR RELIEF**
**COUNT ONE**

24. No response is required to Paragraph 24 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

25. No response is required to Paragraph 25 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

26. No response is required to Paragraph 26 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

27. No response is required to Paragraph 27 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

28. No response is required to Paragraph 28 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

29. No response is required to Paragraph 29 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

30. No response is required to Paragraph 30 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

31. No response is required to Paragraph 31 as this claim was dismissed pursuant to the Court's 12/14/2023 Order Adopting the Magistrate's Report and Recommendation, ECF No. 43.

**COUNT TWO**

32. Paragraph 32 contains no factual allegations to which a response is required. To the extent a response is required, Supreme Labor incorporates the responses to the above paragraphs.

33. Paragraph 33 contains legal conclusions and does not contain factual allegations to which a response is required.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations, including subparts, contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are denied.

39. The allegations contained in Paragraph 39 are denied.

## COUNT THREE

40. Paragraph 40 contains no factual allegations to which a response is required. To the extent a response is required, Supreme Labor incorporates the responses to the above paragraphs.

41. Paragraph 41 contains legal conclusions and does not contain factual allegations to which a response is required.

42. The allegations contained in Paragraph 42 are denied.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 are denied.

45. The allegations, including subparts, contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

## CONDITIONS PRECEDENT

48. Paragraph 48 contains no factual allegations to which a response is required. To the extent a response is required, Supreme Labor incorporates the responses to the above paragraphs.

49. Paragraph 49 contains legal conclusions and does not contain factual allegations to which a response is required. To the extent a response is required, denied.

50. Paragraph 50 contains Plaintiff's characterizations of her claims and does not contain factual allegations to which a response is required. To the extent a response is required,

denied.

51. Paragraph 51 contains Plaintiff's reservation of rights and does not contain factual allegations to which a response is required. To the extent a response is required, denied.

## DEMAND FOR JURY

52. Paragraph 52 contains no factual allegations to which a response is required. To the extent a response is required, Supreme Labor incorporates the responses to the above paragraphs.

53. Paragraph 53 contains Plaintiff's jury demand and does not contain factual allegations to which a response is required. To the extent a response is required, denied.

## PLAINTIFF'S PRAYER FOR RELIEF

54. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

55. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

56. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

57. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

58. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

59. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

60. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

61. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

62. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

63. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

64. Supreme Labor denies that there exists any basis in law or fact for Plaintiff's claims against Supreme Labor and denies that Plaintiff is entitled to any relief whatsoever.

65. Supreme Labor denies all allegations that were not expressly admitted above and denies that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Subject to and without waiving the denials and responses contained in its Answer, Supreme Labor asserts the following affirmative defenses. In asserting these defenses, Supreme Labor does not assume the burden of proof as to those issues which, pursuant to law, remain Plaintiff's to prove.

1. Failure to state a claim in whole or in part.

2. Some or all claims may be barred by applicable statute of limitations.

3. To the extent Plaintiff failed to timely exhaust administrative remedies, Plaintiff's claims are barred in whole or in part.

4. Supreme Labor acted in good faith and in compliance with all applicable laws and regulations in making any determinations regarding Plaintiff's employment and termination. Supreme Labor relied upon legitimate, non-discriminatory reasons for any decisions regarding Plaintiff's employment.

5. Supreme Labor did not act with willfulness, malice, reckless indifference, or the intent to violate any state or federal law.

6. Plaintiff's actions were the proximate cause of any injuries, damages, or loss of employment claimed.

7. Pain and suffering alleged by Plaintiff was not reasonable or justified under the circumstances.

8. Failure to Mitigate.

9. Any monetary relief Plaintiff may otherwise be entitled to must be reduced by any income received or which could have been received with reasonable diligence during the period during which Plaintiff seeks relief.

10. Estoppel.

11. Laches.

12. Unclean hands.

13. Offset.

14. Supreme Labor reserves the right to amend this Answer and state additional affirmative defenses in light of facts or legal theories that become applicable through subsequent disclosures, discovery, procedural issues, or modification of existing statute and defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully pray that the Court:

1. Deny Plaintiff's prayer for relief in its entirety;

2. Dismiss the Amended Complaint with prejudice and enter judgment in Defendant's favor;

3. Award Defendant its attorneys' fees and costs incurred in this action pursuant to

law, and any other amounts recoverable under law; and

    4.    Award Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/  Samuel L. Jackson*
Samuel L. Jackson (BPR No. 021548)
(admitted *pro hac vice*)
Bethany Vanhooser (BPR No. 038594)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300 Phone
(615) 238-6301 Facsimile
sjackson@spencerfane.com
bvanhooser@spencerfane.com

DeAndrea C. Washington
Texas Bar No. 24070814
Federal I.D. No. 1057772
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
(713) 552-1234 [Telephone]
(713) 963-0859 [Facsimile]
dwashington@spencerfane.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's First Amended Complaint* has been served on the below counsel of record in accordance with the CM/ECF protocols for the United States District Court for the Western District of Texas on December 28, 2023:

The Hanshew Law Firm, PLLC
Soraya Yanar Handshew, Esq.
632 Moondale Dr.
El Paso, TX 79912
syhlaw@outlook.com

*Counsel for Plaintiff*

Jill K. Bigler, Esq.
Chris T. Page McGinnis, Esq.
Epstein Becker & Green, P.C.
250 West Street, Suite 300
Columbus, Ohio 43215
jbigler@ebglaw.com
ctpage@ebglaw.com

Greta Ravitsky, Esq.
Epstein Becker & Green, P.C.
700 Lousiana Street, Suite 3950
Houston, TX 77002
gravtisky@ebglaw.com

*Counsel for Defendant Wyoming National Logistics*

                                          */s/  Samuel L. Jackson*