TIN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANA DAVIS, | : | |
| | : | Civil Action No. 3:23-cv-00046-KC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPREME LABOR SOURCE, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT WYOMING NATIONAL LOGISTICS, LLC'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

## I.     INTRODUCTION

Plaintiff's Motion to Compel (the "Motion", ECF No. 48) is wholly without foundation or

merit. On a motion to compel, "[a] general argument that all, or even most, of the defendant's

discovery responses are deficient is not sufficient. Such an argument requires the court, in effect,

to make the plaintiffs' arguments for them." *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-

4682-D, 2016 WL 1392332, at *6 (N.D. Tex. Apr. 8, 2016) (quoting *Bishop v. May & Young*

*Hotel, L.L.C.*, No. Civ. A. 10-124-BAJ, 2011 WL 4436750, at *1-*2 (M.D. La. Sept. 8, 2011)).

This is exactly what Plaintiff's Motion has done.

Although Plaintiff attached to her Motion Defendants Supreme Labor Source, LLC

("Supreme") and Wyoming National Logistics, LLC's ("WY National") objections and responses

to Plaintiff's interrogatories and requests for production, (ECF No. 48-5, 48-6 and ECF Nos. 48-

7, 48-8, respectively), Plaintiff fails to identify in any respect to *which* of those 50 interrogatories

or 113 requests for production WY National (or Supreme) did not adequately respond. Instead,

Plaintiff makes a blanket assertion that Defendants' discovery responses are deficient and asks this

Court to do her job by comparing the laundry list of documents she includes in her Motion with her discovery requests. The Court has no such obligation and should decline to do so.

Worse, Plaintiff's Motion requests that this Court compel Defendants to produce documents that Plaintiff has *never* requested under Fed. R. Civ. P. 33 or 34. Plaintiff cannot circumvent the Federal Rules of Civil Procedure by serving Defendants with completely new requests under the guise of a discovery deficiency letter a day before the close of discovery.

Equally troubling is Plaintiff's counsel's representation to this Court that she attempted to confer in good faith with counsel for Defendants to resolve the purported deficiencies with Defendants' responses before filing this motion. Plaintiff's counsel made no such attempt. As the exhibits attached to this response show, which Plaintiff's counsel conveniently failed to attach or even detail to the Court, Plaintiff's counsel gave WY National *four business hours*[1] to produce 30 categories of documents—most of which she had never requested before—under the threat of a motion to compel. There was no attempt to confer with Defendants' counsel. Rather, Plaintiff's counsel issued an ultimatum with an arbitrary and unreasonable deadline on the eve of the close of discovery. This sort of gamesmanship is antithetical to Rule 37's requirement to "in good faith" confer or attempt to confer before seeking intervention from the Court.

The Court should deny Plaintiff's Motion in its entirety and award WY National its fees and expenses under Fed. R. Civ. P. 37(a)(5)(B) for having to respond to Plaintiff's substantially unjustified motion, which may have been avoided altogether had Plaintiff's counsel attempted to confer with Defendants' counsel in good faith.

---

[1] Four hours is an over-estimation of the time given to respond since that number is based on the fact that counsel for WY National is in the Eastern Time Zone and two hours ahead of Plaintiff, who is in the Mountain Time Zone. WY National, however, is in the Pacific Time Zone, which means that it only had one business hour to comply.

II.      <u>**RELEVANT BACKGROUND**</u>

The Court's original scheduling order, entered April 12, 2023, set the initial discovery deadline as October 12, 2023. (ECF No. 22). That deadline was extended to January 10, 2024 in light of both Defendants' then-pending motions to dismiss.[2] (ECF No. 27, p. 1). Thereafter, Plaintiff propounded 25 interrogatories and 56 requests for production on WY National on September 14 and September 13, 2023, respectively. WY National served its responses and objections on October 27, 2023. (*See* ECF Nos. 48-7, p. 16; 48-8, p. 27). To date, WY National has produced 1,613 pages of documents, as well as 193 Excel spreadsheet files in native format. And Supreme, which WY National contends is Plaintiff's actual employer, has produced more than 2,000 pages of documents.

With the discovery deadline looming, the parties jointly petitioned the Court to extend the discovery deadline to March 11, 2024 to allow the parties to attempt to resolve the matter through mediation before undertaking the time and expense of depositions. The Court granted the request (ECF No. 41), and mediation took place on February 20, 2024, but was unsuccessful.

Defendants took Plaintiff's deposition on Tuesday, March 5, 2024, and Plaintiff took the depositions of Defendants' respective corporate representatives and five fact witnesses on Wednesday, March 6 and Thursday, March 7, 2024. Then, on Friday, March 8, 2024 at 8:56 PM EST, Plaintiff's counsel emailed WY National's counsel and Supreme's counsel a purported discovery deficiency letter (attached as **Exhibit 1**). Like Plaintiff's Motion, Plaintiff's deficiency letter failed to identify the specific interrogatories or requests for production to which she contended Defendants' responses were inadequate and even failed to delineate in any respect

---

[2] Plaintiff objected to Defendants' motion even though she had served no discovery at the time and did not file a response to the motion. (*See* ECF Nos. 26, p. 4; ECF No. 27, p. 1).

which documents she was requesting from WY National and which she was requesting from Supreme. Instead, Plaintiff listed 30 general categories of documents, many of which Plaintiff requested *for the first time in the letter*. (Ex. 1).

Counsel for WY National and counsel for Supreme responded accordingly on Monday, March 11, 2024 via email (attached as **Exhibit 2**). In particular, counsel for WY National wrote:

> We are in receipt of your discovery deficiency letter, which you sent at 8:56 p.m. EST on Friday, March 8, 2024 and demanded the defendants produce a large number of documents by 12 p.m. EST on Monday, March 11, 2024 with the threat of filing a motion to compel should defendants not comply. As counsel for Supreme Labor stated to you this morning, the majority of the documents you have requested in your letter have not been previously requested by you, and, thus, cannot be requested through a discovery deficiency letter, particularly one with an arbitrary and unreasonable deadline. You essentially gave us (WY National's counsel) four business hours to comply. As new document requests, you are required to provide us 30 days to respond under FRCP 34, though, as counsel for Supreme pointed out, fact discovery closes today and, consequently, your new RFPs are improper. Additionally, many of the documents you have requested are overbroad and wholly irrelevant to the claims and defenses in this matter. Others are so vague that we are unable to discern what documents you are requesting or from whom you are requesting those documents. Finally, WY National has already produced several of the documents you request – e.g., Reports regarding plaintiff – see Bates WYN0000707-716; Code of Conduct – see Bates WYN0000056-73; Plaintiff's "employee file" – see Bates WYN0000055, 707-716; Plaintiff's attendance – see Bates WYN0000084, 652, 666, 705-706.

(Ex. 2, p. 2). Counsel for WY National concluded by informing Plaintiff that, despite the impropriety of her requests, WY National would search for 6 categories of documents[3] and offered "to schedule a meet and confer" with Plaintiff's counsel that week to discuss further. (*Id.*).

Plaintiff's counsel, holding firm in her position, responded at 12:50 PM EST that "numerous documents […] were requested in Plaintiff's discovery requests and were not

---

[3] As of the filing of this response, WY National has supplemented its document production with documents responsive to these categories, further showing, as argued in Section IV(C) *infra*, that Plaintiff's filing her Motion to Compel was not substantially justified. All Plaintiff's counsel needed to do was meet and confer—instead, she prematurely filed the Motion to Compel.

objectionable." (*Id.* at p. 1). Notably, Plaintiff did not identify these "numerous documents[.]" (*Id.*). Plaintiff's counsel then alleged that counsel for WY National had already "acquiesce[d]" and agreed to produce these "numerous documents," which she claims were identified by WY National's witnesses during depositions. (*Id.*). The undersigned made no such agreement.

Less than half an hour later, Plaintiff filed her Motion to Compel. (ECF No. 48). Plaintiff's Motion lists the same 30 vague and confusing categories of documents, many of which are unclear as to which Defendant they are directed, and many of which are wholly irrelevant and/or have not been requested via a Rule 33 or 34 request. (*Id.* at p. 2-3). Plaintiff's Motion further claims Defendants' responses are "outstanding and overdue" even though Plaintiff never formally requested many of the documents. In so stating, Plaintiff's Motion attempts to usurp the 30 days provided for by Rules 33 and 34 for Defendants to respond to such requests. And if Plaintiff believes WY National's objections or responses to Plaintiff's *actual* discovery requests are improper or insufficient, neither her letter nor her Motion make that clear.

## III.  <u>MOTION TO COMPEL STANDARD</u>

"The party moving to compel production bears the burden of showing **clearly** that the requested discovery is within the scope of Rule 26." *Walters v. Certegy Check Servs., Inc.*, No. A-17-CV-1100-SS, 2019 WL 573012, at *2 (W.D. Tex. Feb. 12, 2019) (emphasis added). Thus, "[f]irst, 'the burden lies with the moving party to show clearly that the information sought is relevant[.]'" *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-CV-596-RP, 2019 WL 13159727, at *1 (W.D. Tex. Sept. 17, 2019) (quoting *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)); *Mascorro v. Westwood Inn LLC*, No. SA-23-CV-00505-JKP, 2023 WL 6429869, at *1 (W.D. Tex. Oct. 2, 2023). "Then, the party resisting discovery must 'show

specifically how each discovery request is not relevant or otherwise objectionable.'" *Id.* (quoting *Patterson v. Def. POW/MIA Accounting Agency*, 343 F. Supp. 3d 637, 655 (W.D. Tex. 2018)).

## IV.   PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED

### A.   Plaintiff has not identified an interrogatory or request for production to which her Motion to Compel is addressed.

The Federal Rules of Civil Procedure permit a party to move to compel a discovery response when an opposing party "fails to answer an interrogatory submitted under Rule 33" or "produce documents […] requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii),(iv). Inherently, a motion to compel must clearly set forth specific allegedly insufficient discovery responses. *See Walters,* 2019 WL 573012, at *2 (citing *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("The burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence.").

For this reason, a motion to compel which vaguely asks for production of documents or information without specifying a particular request to which the motion is addressed is insufficient. *Bishop v. May & Young Hotel, L.L.C.*, 2011 WL 4436750 at *2 (M.D. La. Sept. 8, 2011) (denying a motion to compel which failed to identify a single discovery request to which the motion was related). As the *Bishop* court noted, a general motion to compel that does not identify with any clarity insufficient discovery responses "requires the court, in effect, to make the plaintiffs' arguments for them." *Bishop*, 2011 WL 4436750 at *2.

Similarly, in *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 1392332 (N.D. Tex. Apr. 8, 2016), the Court, in denying the plaintiff's motion to compel ("MTC"), explained, "[a]s [d]efendant correctly notes, [p]laintiff's MTC does not identify the specific Rule 34 requests at issue or discuss further how [d]efendant's responses and document productions are

deficient" and, like here, "[p]laintiff's counsel's email communications with [d]efendant's counsel in the day before filing the MTC did not do so either." *Id*. at *6.

Here, Plaintiff's Motion to Compel plainly fails to identify a single interrogatory or request for production for which WY National's responses were allegedly inadequate or to which the motion to compel relates. Rather, Plaintiff confusingly and incorrectly asserts that she "requested information in her Interrogatory requests and documentation in her Requests for Production regarding the following relevant information," referring to each of the 30 vague categories identified in her Motion to Compel and directed to both Defendants. (ECF No. 48, p. 1-2).

Plaintiff's spurious attempt to summarily conclude that each of her 30 requested categories of documents and information falls within the scope of her previous discovery requests is not only insufficient, but wrong, and it places the burden on WY National, Supreme, and this Court to do Plaintiff's job for her. *See Bishop*, 2011 WL 4436750 at *2-3. In short, Defendants are left to prepare their response and perhaps attend a hearing before the Court playing a game of "blind man's bluff." That is not the purpose of Rule 37, and the Motion should be denied as a result.

Plaintiff's failure to identify any allegedly insufficient discovery responses is also problematic given that WY National asserted a number of objections to many of Plaintiff's discovery requests, a great portion of which are based on the simple fact that WY National was not Plaintiff's employer. Yet, because Plaintiff has not tied her Motion to Compel to any particular requests, the Court—and the two separate Defendants—are not able to determine which of the objections asserted by either of the Defendants in their responses to Plaintiff's requests might apply to the discovery sought in Plaintiff's Motion to Compel.

WY National does not dispute that when *properly* challenged, WY National would bear the burden of defending its objections. Indeed, "the party resisting discovery must show

specifically **how each discovery request at issue** is not relevant or otherwise objectionable, and an objecting party must, in response to a motion to compel, urge and argue in support of his objection to a request, or the objection will be waived or deemed abandoned." *Harrison*, 2016 WL 1392332, at *6 (emphasis added). But here, Plaintiff expects the Defendants to build a wall on no foundation. Plaintiff has not met her initial burden to identify any allegedly improper discovery objections or inadequate discovery responses. Simply put, "more is still required of a party moving to compel under Rule 37(a) than Plaintiff provides through [her] MTC." *Id.*

In short, Plaintiff's Motion to Compel is insufficiently briefed and presented for the Court to grant the relief sought without any basis or even a modicum of proof of any violation of the discovery rules. For these reasons, the Court should deny Plaintiff's Motion to Compel.

**B.     Plaintiff's Motion to Compel seeks production of documents that were not requested in discovery and/or which have already been produced.**

Even if Plaintiff's Motion did identify a single insufficient response to a specific discovery request—which it does not—Plaintiff's Motion is still improper because it identifies categories of documents that have never been requested from WY National under Rules 33 or 34. "It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party." *Harrison*, 2016 WL 1392332, at *6 (quoting *SJB Grp., LLC v. TBE Grp., Inc.*, No. Civ. A. 12-181-SDD, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013)).

Specifically, here, Plaintiff has never served WY National with interrogatories or a request for production regarding the following 21 categories listed in her Motion: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 22, 24, 25, 26, 30.[4]  In short, the majority of Plaintiff's Motion to Compel

---

[4] WY National has produced items that reference Plaintiff within these categories even if it was not specifically requested. For example, Plaintiff has never requested the production of all incident

asks the Court to compel information or documents not previously requested properly under the rules. This cannot form the basis for a motion to compel. *See* Fed. R. Civ. P. 37(a)(3)(B).

Notwithstanding the fact that Plaintiff's Motion to Compel identifies categories of information or documents that have not been requested by a proper Rule 33 interrogatory or Rule 34 request, WY National has produced documents responsive to the remaining 9 categories listed in Plaintiff's Motion to Compel: 17 and 18 (WYN0000707-716); 19 and 28 (WYN0000084, 652, 666, 705-706, 1589); 20 (WYN00001587, 1599, 1605, 1609, 1613); 21 (WYN0000777-1581); 23 (WYN0000055, 707-716, 739-758); 27 (WYN0000056-73); and 29 (WYN0000707, 712-716).

As illustrated above, Plaintiff has moved the Court to compel responses to non-existent discovery requests, or which have otherwise been produced by Defendants. Consistently, Plaintiff does not provide any analysis or discussion of the Defendants' voluminous document productions (which would reveal Defendants have complied with Plaintiff's actual requests), nor does Plaintiff explain the basis for her superficial belief that she is entitled to documents that have not been properly requested, let alone adduce any indication that particular document(s) have been improperly withheld. In short, Plaintiff, without explanation and without evidence, has wasted the Court's time and resources by filing this unjustified Motion to Compel, which must be denied.

**C.     Plaintiff did not comply with Rule 37 before filing this Motion, and Plaintiff's Motion to Compel was not substantially justified.**

WY National must raise a final point in response to Plaintiff's Motion. "The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery" and "[p]arties must comply with such requirements in order to resort to the provisions of Rule 37."

---

reports from Fort Bliss (#15). Putting aside the relevancy of that request related to Fort Bliss as a whole, WY National produced the sole incident report related to Plaintiff. *See* Bates WYN0000707.

*Harrison*, 2016 WL 1392332, at *6 (quoting *SJB Grp., LLC*, 2013 WL 2928214, at *3). Plaintiff's counsel did not do so, which is yet another reason Plaintiff's Motion is simply not justifiable. As previously noted, a day after the parties completed depositions—and in the late evening (8:56 p.m. EST) on the Friday night before the discovery deadline on the following Monday—Plaintiff sent her discovery deficiency letter to WY National and Supreme, arbitrarily giving them four and three business hours, respectively, to comply or face a motion to compel. After counsel for both Defendants separately responded to Plaintiff's counsel on Monday morning, pointing out the flaws in Plaintiff's letter and offering to discuss further, Plaintiff's counsel filed this Motion *less than half an hour* after rejecting Defendants' offer and position. (*See* Ex. 2).

Despite Plaintiff's counsel's "Certificate of Conference" to the contrary (ECF No. 48, p. 6), this exchange recants any assertion that Plaintiff attempted in good faith attempt to confer with Defendants before filing this Motion. *See Harrison*, ECF No. 104 (June 13, 2016) (ordering an award of $12,000 to the defendant under Fed. R. Civ. P. 37(a)(5)(B) for expenses in defending against plaintiff's MTC); *Crow v. ProPetro Servs., Inc.*, No. MO15CV00149RAJDC, 2016 WL 9776368, at *9 (W.D. Tex. June 6, 2016) ("Plaintiff's single letter […] unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant is inadequate and does not equate to a good faith conferral[.]"); *Lowe v. State Farm Fire & Cas. Co.*, No. CV 22-95-JWD-SDJ, 2022 WL 4180950, at *1 (M.D. La. Aug. 16, 2022) ("This brief email exchange is not sufficient to meet the requirements of Rule 37.").

Accordingly, the Court should deny Plaintiff's Motion to Compel and, like in *Harrison,* require Plaintiff or Plaintiff's counsel to pay WY National its reasonable expenses incurred in opposing the Motion, including attorney's fees, under Fed. R. Civ. P. 37(a)(5)(B) and grant WY National any other relief the Court deems proper.

Respectfully submitted:

*/s/ Jill K. Bigler*
_____

Jill K. Bigler (*pro hac vice*)
Ohio Bar. No. 0083789
Chris T. Page McGinnis (*pro hac vice*)
Ohio Bar No. 0099165
Epstein Becker & Green, P.C.
250 West Street, Suite 300
Columbus, Ohio 43215
Phone: 614.872.2500
Fax: 614.633.1713
jbigler@ebglaw.com
ctpage@ebglaw.com

Greta Ravitsky
Texas Bar No. 24058063
Epstein Becker & Green, P.C.
700 Louisiana Street, Suite 3950
Houston, Texas 77002
Phone: 713.300.3200
Fax: 713.300.3201
gravitsky@ebglaw.com

*Counsel for Defendant,*
*Wyoming National Logistics, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 18, 2024, the foregoing *Defendant Wyoming National Logistics, LLC's Memorandum in Opposition to Plaintiff's Motion to Compel* was electronically filed using the Court's CM/ECF system and was automatically served to all counsel of record.

*/s/ Jill K. Bigler*
Jill K. Bigler (*pro hac vice*)
Ohio Bar. No. 0083789
