**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| ANA DAVIS, § | |
| § | |
| *Plaintiff*, § | |
| § | EP-23-CV-00046-KC |
| v. § | |
| § | |
| SUPREME LABOR SOURCE, LLC § | |
| *d/b/a Clark Contracting, LLC, d/b/a Servpro* § | |
| *of Douglas County, d/b/a Servpro Industries* § | |
| *Inc.*, *and* WYOMING NATIONAL § | |
| LOGISTICS, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Ana Davis's "Motion to Compel Defendants' Response to Plaintiff's Discovery Requests" (ECF No. 48) filed pursuant to Federal Rule of Civil Procedure 37(a)(3)(B).  She brought this lawsuit against Defendants Supreme Labor Source, LLC (Supreme) and Wyoming National Logistics (Wyoming), asserting, *inter alia*, claims for race discrimination and retaliation[1] in violation of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.051, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.  The Honorable District Judge Kathleen Cardone (the referring court) referred the instant motion to the undersigned Magistrate Judge for

---

[1] Davis also asserted, in Count One, gender discrimination and hostile work environment sexual harassment claims.  These claims as asserted against Supreme were dismissed, *see* Order Adopting Reports & Recommendations at 10, ECF No. 43; however, as asserted against Wyoming, they remain pending insofar as Wyoming, unlike Supreme, did not move for their dismissal on the pleading sufficiency ground.

determination.[2] For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The disputes underlining Davis's motion to compel arose in the waning hours before the close of discovery during depositions Davis's counsel took of Defendants' corporate representatives and fact witnesses on March 6 and 7, 2024; the discovery deadline was March 11, 2024. Previously, in September 2023, Davis served interrogatories and requests for production,[3] and in October 2023, Defendants served their responses and objections thereto.[4] According to Davis, during the depositions, the deponents identified multiple documents that were in Defendants' possession and "had been previously requested but never produced."[5] Further, during the depositions, Supreme agreed to produce some or all of the identified documents.[6] Wyoming denies that it agreed to produce any documents.[7]

---

[2] *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain motions.]"); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . , when appropriate, issue a written order stating the decision."); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–18 (5th Cir. Unit A 1981) ("[D]iscovery issues are by definition pretrial matters," and a magistrate judge has "the authority under 28 U.S.C. § 636(b)(1)(A) to enter non-dispositive discovery orders.").

[3] Mot. to Compel, Exs. A–D, ECF Nos. 48-1 – 48-4.

[4] *Id.*, Exs. E–H, ECF Nos. 48-5 – 48-8.

[5] Def. Supreme's Resp. to Pl.'s Mot. to Compel [hereinafter Supreme's Resp.], Ex. C at 1, ECF No. 50-3.

[6] *Id.* at 1–3; *see also* Def. Supreme's Resp. at 4, 5 & n.2, ECF No. 50.

[7] Def. Wyoming's Mem. in Opp'n to Pl.'s Mot. to Compel 5 [hereinafter, Wyoming's Resp.], ECF No. 49.

On March 8, 2024 (a Friday), around 8 PM (CST), Davis's counsel emailed a "discovery deficiency" letter to Defendants' counsel.[8] Therein, she asserted that the deposed defense witnesses identified "relevant and responsive" documents that Defendants had failed to produce.[9] She requested "immediate supplemental production" of 30 categories of documents that were "previously requested" and, during the depositions, identified by the witnesses.[10] The letter added that if Davis did not receive these documents by 10:00 AM (MST) on March 11, 2024 (a Monday), she would have no choice but to file a motion to compel their production.[11]

On March 11, 2024, at around 9:40 AM (CST), Supreme's counsel responded via email that the requested documents were not previously requested, but stated that Supreme would produce, "as soon as possible today," the documents it agreed to produce during the depositions.[12] A few minutes later, around 9:50 AM (CST), Wyoming's counsel responded via email, stating that the majority of the requested 30 categories of documents were not previously requested by Davis and that Wyoming had already produced some of the documents.[13] Moreover, Wyoming's counsel agreed to search for some of the requested documents and offered to schedule a meet and confer call that week.[14]

---

[8] Supreme's Resp., Ex. C at 3; *id.*, Ex. B, ECF No. 50-2.

[9] Supreme's Resp., Ex. B at 1.

[10] *Id.* at 1–2.

[11] *Id.*

[12] Supreme's Resp., Ex. B at 3.

[13] Supreme's Resp., Ex. C at 3.

[14] *Id.*

Two hours later, around 11:50 AM (CST), Davis's counsel emailed back restating that, during the depositions, the defense witnesses identified numerous documents that "fell within the confines of Plaintiff's prior requests" but were not produced, that Defendants' counsel acknowledged the same, and that, at the time, she requested that Defendants supplement their discovery immediately.[15] She stated that her March 8 "discovery deficiency" letter "simply memorialize[d] these prior discussions and [defense counsel's] prior acquiescence to produce the documents identified by [the defense] witnesses."[16] She concluded that if Defendants properly supplement their discovery responses "between now and the hearing for the Motion to Compel," Davis would update the court on such supplementation.[17]

A short while later, at 12:17 PM (CST) on March 11, 2024, Davis filed the instant motion to compel. Later, on the same day, around 9:30 PM (CST), Supreme produced certain documents, stating that the production was as "agreed upon during the deposition."[18] It also appears that Supreme and Wyoming produced additional documents after Davis's motion was filed but before they filed their respective responses to the motion on March 18, 2024.[19] To date, Davis has not filed a reply to these responses, and the time for filing a reply has expired. On March 19, 2024, the referring court referred the motion to the undersigned Magistrate Judge.

---

[15] *Id.* at 1.

[16] *Id.*

[17] *Id.*

[18] Supreme's Resp., Ex. D.

[19] Supreme's Resp. at 11; Wyoming's Resp. at 4 n.3.

## II.   STANDARD

Under Federal Rule of Civil Procedure 26(b), which sets out the scope of permissible discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).[20]  "'[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.'"  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).[21]  Information discoverable within the scope of Rule 26(b) "need not be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move to compel discovery if the responding party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B).[22]  The court may decline to compel, and at its option, may limit the extent of discovery if "the [requested] discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

---

[20] The considerations that bear on proportionality are: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

[21] Although broad, Rule 26(b) is not "a license to engage in an unwieldy, burdensome, and speculative fishing expedition."  *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

[22] *See also* Fed. R. Civ. P. 33(a) (A party may serve on any other party written interrogatories which "may relate to any matter that may be inquired into under Rule 26(b)."); *id.* 34(a)(1)(A) (A party may serve on any other party "a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information" in the other party's "possession, custody, or control.").

On a motion to compel discovery, unless the relevancy of the discovery requests is clear on their face, *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982) (observing that "the information requested was patently relevant to the issue[s]" in that case), *cited with approval in McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990), the movant seeking discovery must specifically articulate why each of the requests is relevant to the claims or defenses in the case, *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-CV-596-RP, 2019 WL 13159727, at *1 (W.D. Tex. Sept. 17, 2019) ("[T]he burden lies with the moving party to show clearly that the information sought is relevant to the case."). On the other hand, the non-movant resisting discovery must specifically articulate a "valid objection" to each request by specifically showing how each request is, for example, "overly broad, burdensome or oppressive." *Quarles*, 894 F.2d at 1485 (citing *Josephs*, 677 F.2d at 992).[23] The non-movant must carry this burden "even if some of the . . . requests . . . [a]re irrelevant." *Id.*

### III. DISCUSSION

By her motion, Davis argues that Defendants failed to "properly respond" to her September 2023 interrogatories and requests for production and asks the Court to compel the production of the 30 categories of documents that she requested on March 8, 2024. Mot. to Compel at 1–3. Defendants oppose the motion on the grounds that (1) Davis failed to confer in good faith before filing the motion; (2) the motion fails to identify which of their responses to Davis's September 2013 discovery requests are deficient; and (3) the documents Davis requested on March 8, 2024, were not previously requested or have already been produced. Supreme's Resp. at 7, 9, 10; Wyoming's Resp. at 6, 8, 9.

---

[23] *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("The party resisting discovery must likewise articulate specifically how each discovery request is not relevant or is overly broad, burdensome, or oppressive.").

Rule 37 and the Local Rules of this District require a party to confer or attempt to confer in good faith with an opposing party before filing a motion to compel. Fed. R. Civ. P. 37(a)(1); W.D. Tex. Loc. R. CV-7(g). And courts "vigorously" enforce this pre-filing meet-and-confer requirement, "frequently denying motions to compel [for] insufficient efforts to avoid the need for a motion altogether." 8B Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure*, § 2285 (3d ed.). This Court is no different. *See, e.g.*, *Portillo v. Trans Union, LLC,* No. EP-23-CV-270-DCG, 2024 WL 1724259, at *2 (W.D. Tex. Apr. 22, 2024) (denying motion to compel for failure to meet and confer before filing the motion); *Perkins v. United States Parcel Service of Am., Inc.*, No. EP-23-CV-258-KC, 2024 WL 1493808, at *3 (W.D. Tex. Apr. 5, 2024) (same); Mem. Order, *Terrazas v. Wal-Mart Assocs., Inc.*, No. EP-23-CV-00280-FM (W.D. Tex. Apr. 22, 2024) (same), ECF No. 26.

Specifically, in Davis's motion, her counsel certifies that she conferred with Defendants' counsel and made reasonable efforts to resolve the discovery disputes. Mot. to Compel. at 6. Supreme contends that Davis's action does not support that certification. Supreme's Resp. at 8. Supreme points out that on the eve of the discovery deadline, Davis's counsel sent the deficiency letter requesting the production of the documents and gave what amounted to "three business hours" to produce the documents. *Id.* Further, according to Supreme, Davis's counsel did not seek any conference or make any attempt to actually confer with Defendants before filing the motion. *Id.* Wyoming's arguments parallel Supreme's. Wyoming's Resp. at 9–10. In addition, Wyoming points out that its counsel offered to discuss further, but Davis's counsel filed the motion within half an hour of the offer. *Id.* at 10 (citing *id.*, Ex. 2).

This is not the case where, before moving to compel discovery, a party "communicat[ed] through one-way letters or emails, or demand[ed] compliance from . . . another without first

identifying and discussing any specific issues." *Portillo*, 2024 WL 1724259, at *1. In fact, preceding Davis's March 8 letter, the parties, it appears, engaged in some discussion during the March 5-6, 2024 depositions—at least as to some of Davis's 30 requests for production. There is no dispute that during the depositions, the deponents identified certain documents that were not previously produced, and Supreme's counsel agreed to produce some of the identified documents, though, it appears, Wyoming's counsel did not so agree. Supreme Resp. at 4, 5 & n.2; Wyoming's Resp. at 5. Notably, all this occurred in the waning hours of the discovery deadline.

     And, on March 11 (the last day to complete discovery), the parties' counsel exchanged emails on Davis's document requests before she filed the motion. These emails reflect that although Defendants' counsel agreed to produce or search for certain documents responsive to *some* of those requests, they reached an impasse as to the remaining requests. On one hand, Defendants' counsel took the position (the same position Defendants take on this motion) that some or the majority of the requests were "new requests," not previously requested by Davis, and therefore, improper as the discovery deadline was set to expire on that very day. *See* Supreme's Resp., Ex. C at 2–3. On other hand, Davis's counsel took the position that her March 8 letter "simply memorialize[d] the[ir] prior discussions" and the defense counsel's "prior acquiescence" to produce the documents. *Id.* at 1.

     To be sure, Davis's counsel could have waited another 14 days to file the motion, *see* W.D. Tex. Loc. R. CV-16(e) (A motion to compel may be "filed within 14 days after the discovery deadline" if it "pertain[s] to conduct occurring during the final 7 days of discovery."), and engage in further meet and confer process to resolve the parties' disputes, *cf.* Supreme's Resp., Ex. C at 2 ("If you would like to discuss, I would be happy to schedule a meet and confer

call with you this week" (Wyoming's counsel statement in her March 11 email)).  It appears that Davis's counsel was operating under a misconception (insofar as Local Rule CV-16(e) is concerned) that the motion had to be filed by March 11, 2024, the last day for completing discovery.  *See* Supreme's Resp., Ex. C at 1 (Davis's counsel writing back that she must file her motion "today in accordance with the Court's scheduling order," presumably referring to the discovery deadline).[24]  Be that as it may, under the circumstances discussed above, the Court declines to deny Davis's motion for any failure to adequately meet and confer before filing the motion.

Turning to the merits of the motion, the Court observes that after Davis filed her motion, but before Defendants filed their responses to the motion, both Supreme and Wyoming produced documents in response to some, but not all, of the 30 categories of documents that she requested.  Specifically, Supreme and Wyoming each produced documents in response to Request Nos. 17, 18, 19, 21, 23, 27, 28, and 29, and Supreme further produced documents in response to Request Nos. 3 and 4, which relate to Supreme only.  *See* Supreme's Resp. at 10–11; Wyoming's Resp. at 9.  Defendants assert that Davis never previously requested the remaining categories of documents—*i.e.*, those listed in Request Nos. 1-2, 5-16, 20, 22, 24-26, and 30—and, therefore, that they are "new" requests that are untimely.  Supreme's Resp. at 10; Wyoming's Resp. at 8.  Further, according to Supreme, some of these remaining requests, such as Request Nos. 8-14 and 25, do not apply to Supreme, *see* Supreme's Resp. at 10 n.3, and, according to Wyoming, it has nevertheless produced documents responsive to some of these requests but limited to Davis, such as Request No. 15 (which asks for "[i]ncident reports related to the Ft. Bliss Project from May

---

[24] *Cf.* Wright & Miller § 2285, *supra* ("Denial of a motion to compel due to insufficient efforts to confer should not usually preclude another motion to compel if such efforts prove unsuccessful.  Nonetheless, timing considerations may affect renewed motions.  Discovery cutoffs, in particular, might come into play and defeat a renewed effort to obtain a court order for more discovery.").

2021 to in and around January 2022"), *see* Wyoming's Resp. at 8 n.4. The Court therefore understands Defendants not to object to those requests in response to which they produced documents.

If, as Defendants claim, Request Nos. 1-2, 5-14, 16, 20, 22, 24-26, and 30 are new requests, that is, they do not fall within the scope of Davis's prior September 2023 discovery requests, then Defendants are under no obligation to produce them. *See* W.D. Tex. Loc. R. CV-16(e) ("Written discovery is not timely unless the response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline."). The difficulty with Davis's motion is that it does not explain how these requests relate to her prior requests. Nor does it explain how they relate to the documents that Supreme (or Wyoming) agreed to produce during the March 5-6 depositions.

Moreover, it is not clear to the Court how these requests, on their face, are relevant in this case. *See Josephs*, 677 F.2d at 991–92, *supra*. For example, how is Request No. 2, which seeks "Supreme's reporting to any insurance carrier regarding any covid related deaths of employees at the FT. BLISS PROJECT, including but not limited to LAURA LUEVANO," relevant to Davis's race discrimination and retaliation claims or Defendants' defenses? Defendants correctly point out that, in her motion, Davis does not specifically address how each of her requests is relevant to the case. *See Haas Outdoors, Inc.*, 2019 WL 13159727, at *1, *supra*. What is more, Davis did not file a reply brief in response to Defendants' arguments. As such, the Court finds that her motion should be denied as to Request Nos. 1-2, 5-14, 16, 20, 22, 24-26, and 30. *See Perkins*, 2024 WL 1493808, at *2 n.2 ("It is not the Court's burden to sift through

the discovery requests, responses, and objections, and then concoct tailored arguments addressing each discovery request . . . on Plaintiff's behalf.").

In sum, the Court grants Davis's motion as to her Requests Nos. 3, 4, 17, 18, 19, 21, 23, 27, 28, and 29, and, as applied to Wyoming, as to Request No. 15 but limited to incident reports related to Davis. It denies the motion as to the remaining requests. The Court, in its discretion, denies Defendants' requests for expenses incurred in opposing the motion. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Davis's Motion to Compel Defendants' Response to Plaintiff's Discovery Requests (ECF No. 48) is **GRANTED IN PART and DENIED IN PART**. Specifically, the motion is **GRANTED** as to Davis's Request Nos. 3, 4, 17, 18, 19, 21, 23, 27, 28, and 29, as applied to Defendants Supreme and Wyoming, and the motion is **FURTHER GRANTED**, as applied to Defendant Wyoming, as to Request No. 15 but limited to any incident reports related to Davis.[25] The motion is **DENIED** in all other respects. Each side is to bear its own expenses.

**So ORDERED and SIGNED this  13th  day of May 2024.**

_____
 **ANNE T. BERTON**
 **UNITED STATES MAGISTRATE JUDGE**

---

[25] As to these requests, Defendants have a continued obligation to supplement as required by Federal Rule of Civil Procedure 26(e)(1)(A).